# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEREX R. DOOLEY,** | : | **CIVIL ACTION** |
| *Petitioner* | : | |
| v. | : | |
| | : | |
| **ERIC TICE et al.,** | : | **NO. 17-4315** |
| *Respondents* | : | |

## MEMORANDUM

PRATTER, J.                                                                                             DECEMBER 12, 2019

On February 25, 2019, the Court granted Petitioner Lerex R. Dooley leave to file an addendum to his objections to Magistrate Judge Caracappa's December 3, 2018 Report and Recommendation. *See* Order (Doc. No. 30). Mr. Dooley now seeks "Leave To Supplement the Record to the ORDER of . . . The 25th Day of February, 2019." *See* Pet'r's Mot. for Leave to Suppl. R. (Doc. No. 36). Mr. Dooley invokes Federal Rule of Appellate Procedure 10(e)(2) and asks the Court to supplement the record with two declarations, both by Mr. Dooley, to "bring clarity to when certain after / newly discovered evidence was submitted to the state court, support[] the Habeas claims without changing its nature, and rebut points raised by the Respondent." *Id.* For the reasons below, the Court denies Mr. Dooley's request.

### DISCUSSION

Federal Rule of Appellate Procedure 10(e)(2)(B) permits a district court to correct an omission or misstatement of the district court record and forward a certified supplemental record for use on appeal. FED. R. APP. P. 10(e)(2). Mr. Dooley's case is still pending in this Court, making Rule 10(e)(2)(B) inapplicable.

Further, Local Rule of Civil Procedure 72.1(IV)(c) instructs that "[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues

1

and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." First, Mr. Dooley signed the declarations he seeks to add to the record on August 30, 2019, after Magistrate Judge Caracappa had already filed her Supplemental Report and Recommendation on August 15, 2019. *See* Pet'r's Mot. for Leave to Suppl. R. Exs. A, B (Doc. No. 36); Suppl. R. & R. (Doc. No. 34). Second, Mr. Dooley's declarations do not raise issues or evidence that could not have been presented to Magistrate Judge Caracappa. Rather, the Court finds that the issues Mr. Dooley raises were in fact already presented.

Each declaration is discussed in turn, but first a brief background. Both declarations surround Kevin Hiller—a witness from Mr. Dooley's trial—and his unredacted 302 proffer. *See* Pet'r's Mot. for Leave to Suppl. R. Exs. A, B (Doc. No. 36). At the time of Mr. Dooley's trial, only a redacted version of Mr. Hiller's proffer was available. *See* Pet'r's Mot. for Leave to Suppl. R. Ex. B (Doc. No. 36). Mr. Dooley only first obtained the unredacted version years later, after the PCRA court had already issued an opinion in Mr. Dooley's case. *Id.*

**I.    The First Declaration**

In his first declaration, Mr. Dooley argues that the claims set out in grounds one and three of his petition are not procedurally defaulted. *See* Pet'r's Mot. for Leave to Suppl. R. Ex. A (Doc. No. 36). Mr. Dooley already raised this argument in his objections to Magistrate Judge Caracappa's December 3, 2018 Report and Recommendation, and the Court referred the case back to Magistrate Judge Caracappa to address those very arguments. *See* Order (Doc. No. 30).

Mr. Dooley then argues that the PCRA court's conclusion that "[t]here is no evidence that Hiller perpetrated a homicide or was otherwise 'involved' in a homicide" was unreasonable. Pet'r's Mot. for Leave to Suppl. R. Ex. A (Doc. No. 36). Again, Mr. Dooley already raised this

2

argument in his Motion for Leave to File Addendum, and Magistrate Judge Caracappa fully addressed it in her Supplemental Report and Recommendation. *See* Pet'r's Mot. for Leave to File Addendum at 4 (Doc. No. 29); Suppl. R. & R. at 19 (Doc. No. 34) ("Because the 2007 Agreement connects Hiller in some way to a 'murder' we can agree that the PCRA court's conclusion was questionable.").

Finally, Mr. Dooley's first declaration asserts that his ineffective assistance of counsel claim related to his attorney's failure to argue prosecutorial misconduct is not defaulted. *See* Pet'r's Mot. for Leave to Suppl. R. Ex. A (Doc. No. 36). Magistrate Judge Caracappa already liberally construed Mr. Dooley's claims and reviewed the merits of his ineffective assistance of counsel claim. *See* Suppl. R. & R. at 19 (Doc. No. 34) (finding Mr. Dooley's ineffective assistance of counsel claim defaulted without excuse, but deciding "[n]evertheless, for the sake of judicial efficiency [to] review the merits of petitioner's claim").

Because all the arguments raised in Mr. Dooley's first declaration were previously raised by Mr. Dooley and addressed by Magistrate Judge Caracappa, the interest of justice does not require supplementing the record with their inclusion.

## II. The Second Declaration

Mr. Dooley's second declaration first notes that the unredacted version of the 302 proffer was not uncovered until after the PCRA court had issued an opinion in Mr. Dooley's case. *See* Pet'r's Mot. for Leave to Suppl. R. Ex. B (Doc. No. 36). He argues that this caused findings and assertions of the PCRA court and the prosecutors to go unchallenged. *Id.* However, Magistrate Judge Caracappa was already fully aware of this timing when evaluating Mr. Dooley's claims. *See* Suppl. R. & R. at 17 (Doc. No. 34) ("The unredacted version of the 302 proffer was uncovered by

3

petitioner's mother on February 20, 2016, after the PCRA court issued its Opinion on August 4, 2015.").

Mr. Dooley then argues that the prosecutors and law enforcement officers in his case possessed Mr. Hiller's unredacted 302 proffer at the time of his trial because the unredacted proffer was eventually provided "by individuals prosecuted in the 'same jurisdiction'" as Mr. Dooley. Pet'r's Mot. for Leave to Suppl. R. Ex. B (Doc. No. 36). Mr. Dooley has already raised this issue. *See* Pet. for Writ of Habeas Corpus at 13 (Doc. No. 1) ("The unredacted version was apart [sic] of the discovery in the Commonwealth's case involving the 2006 murder. The Philadelphia Distrit [sic] Attorney's Office prosecuted the murder charge and made an agreement to give Hiller immunity. There is no excuse . . . not to have known about the unredacted version of the FD-320 Proffer. For purposes of a Brady violation[,] the prosecution has a constructive possession of any evidence 'in the possession of same arm of the state.'") (quoting *United States v. Perdomo*, 929 F.2d 967, 971 (3d Cir. 1991)).[1]

Lastly, Mr. Dooley argues that the material in the unredacted proffer would have been helpful to the defense's arguments and tactics at trial. *See* Pet'r's Mot. for Leave to Suppl. R. Ex. B (Doc. No. 36). Once again, Mr. Dooley has already made this argument. *See* Pet. for Writ of Habeas Corpus at 14 (Doc. No. 1) ("A review of the unredacted version of the Federal Proffer could have been used to prove the defense[']s strategy.").

Because all the arguments raised in Mr. Dooley's second declaration were previously raised by Mr. Dooley and addressed by Magistrate Judge Caracappa, the interest of justice does not require supplementing the record with their inclusion.

---

[1] The Court notes that the text of *Perdomo* actually states "in the possession of *some* arm of the state." 929 F.2d at 971 (emphasis added).

4

## CONCLUSION

For the foregoing reasons, Mr. Dooley's Motion for Leave to Supplement Record is denied.

An appropriate Order follows.

BY THE COURT:

_/s/ Gene E.K. Pratter_
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE