# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **LEREX R. DOOLEY,** | : | CIVIL ACTION |
| *Petitioner* | : | |
| v. | : | |
| | : | |
| **ERIC TICE** *et al.*, | : | No. 17-4315 |
| *Respondents* | : | |

# **MEMORANDUM**

PRATTER, J.                                                                                             MARCH 30, 2020

Mr. Dooley challenges the constitutionality of his criminal conviction in the Court of Common Pleas of Philadelphia County for robbery, aggravated assault, and related crimes. After the Court referred Mr. Dooley's case to the Honorable Linda Caracappa, United States Magistrate Judge, for a Report and Recommendation, Judge Caracappa recommended that the Court deny Mr. Dooley's petition for a writ of *habeas corpus*. After reviewing Mr. Dooley's subsequent objections, the Court referred the case back to Judge Caracappa to address whether the procedural default of some of Mr. Dooley's claims was excusable due to alleged ineffective assistance of counsel during Mr. Dooley's initial-review collateral proceeding pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). Judge Caracappa filed a Supplemental Report and Recommendation, again recommending that the Court deny Mr. Dooley's petition for a writ of *habeas corpus* because *Martinez* does not excuse Mr. Dooley's default and Mr. Dooley's claims are nonetheless meritless. Mr. Dooley objects to the Supplemental Report and Recommendation.

The Court will adopt Judge Caracappa's Report and Recommendation and Supplemental Report and Recommendation and deny Mr. Dooley's petition for the reasons articulated in it. The Court provides this Memorandum to address specifically why it is overruling Mr. Dooley's objections to the Supplemental Report and Recommendation.

LEGAL STANDARD

"Within fourteen days after being served with a copy" of a magistrate judge's proposed findings and recommendations, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). The Third Circuit Court of Appeals has "provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is 'not timely or not specific.'" *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984)). "Although the review is *de novo*, the court is permitted by statute to rely on the magistrate judge's proposed recommendation to the extent the court, in the exercise of sound discretion, deems proper." *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (quoting FED. R. CIV. P. 72(b) advisory committee's note).

DISCUSSION

I.     The Timeliness of Mr. Dooley's Objections

Judge Caracappa filed her Supplemental Report and Recommendation on August 15, 2019. Mr. Dooley filed objections to the Supplemental Report and Recommendation on December 23, 2019. Mr. Dooley claims that he was never notified of the filing of the Supplemental Report and Recommendation and only learned of its existence when he received the Court's December 12,

2019 denial of his motion for leave to supplement the record. He asks the Court to consider his objections *nunc pro tunc* and review them on the merits.

Almost three months later on March 9, 2020, Mr. Dooley moved for "Leave to Modify the Record of Objections To Supplemental Report And Recommendation filed Dec. 23, 2019." Mot. for Leave 1. In this motion, Mr. Dooley expounds on his December 2019 objections and raises new objections not previously made. Mr. Dooley offers no explanation or justification for why he waited nearly three months to ask to file modified objections.

The Court recognizes Mr. Dooley's *pro se* status and the complications that can at times arise when serving incarcerated parties with copies of filings. Therefore, because Mr. Dooley has provided an explanation for the untimely filing of his December 2019 objections, the Court will review them on the merits. However, Mr. Dooley did not attempt to explain why he moved in such an untimely fashion to amend and supplement those objections, and "[w]here objections are untimely, general, or not filed at all, [the Court] need only 'give some reasoned consideration to the magistrate's report' and review it for clear error." *Hernandez v. Colvin*, No. 12-4349, 2014 WL 5343672, at *2 (E.D. Pa. Oct. 21, 2014) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)). Thus, the Court denies Mr. Dooley's motion for leave to modify the record of his objections to the Supplemental Report and Recommendation.

## II. The Merits of Mr. Dooley's Objections

Mr. Dooley objects to Judge Caracappa's Supplemental Report and Recommendation on four grounds:[1] (1) Judge Caracappa should have granted him an evidentiary hearing to determine

---

[1] In his objections to the Supplemental Report and Recommendation, Mr. Dooley also incorporates his earlier objections to Judge Caracappa's original Report and Recommendation. The Court already addressed the first and second of these objections, which related to the issue of procedural default of the claims set out in grounds one and three of his *habeas* petition, when the Court referred the case back to Judge Caracappa for a Supplemental Report and Recommendation on the issue of whether Mr. Dooley's procedural default of these claims could be excused.

3

whether his trial counsel physically possessed a memorandum of agreement between trial witness Kevin Hiller and the Philadelphia District Attorney's Office and to determine why trial counsel did not use said agreement at trial; (2) Judge Caracappa incorrectly concluded his ineffective assistance of counsel claim is unexhausted; (3) Judge Caracappa incorrectly concluded that, even if not waived, his ineffective assistance of counsel claim is meritless; and (4) Judge Caracappa incorrectly concluded without an evidentiary hearing that he cannot prove he was prejudiced because the prosecution did not knowingly elicit a direct lie from Mr. Hiller and, even if it had, the testimony was not material to the jury's guilty verdict. Mr. Dooley also raises a new claim for review that was not included in his *habeas* petition.

The Court addresses each of Mr. Dooley's objections in turn.

### A. Trial Counsel's Possession of Mr. Hiller's Memorandum of Agreement

Mr. Dooley first objects to Judge Caracappa not granting him an evidentiary hearing to determine whether his trial counsel possessed a memorandum of agreement between trial witness Kevin Hiller and the Philadelphia District Attorney's Office. However, the question before Judge

---

Mr. Dooley also objected to Judge Caracappa's determinations that the claims set out in grounds two and four of his *habeas* petition were meritless. Ground two related to the prosecution's alleged failure to disclose an unredacted version of trial witness Kevin Hiller's 302 federal proffer, and ground four related to Mr. Dooley's trial counsel's alleged ineffectiveness for failing to object, request a curative instruction, or move for a mistrial after the prosecution elicited what Mr. Dooley categorizes as improper character evidence regarding an alibi witness. Both of these objections simply rehash the arguments already raised in his *habeas* petition, and upon careful review, it is clear that Judge Caracappa thoroughly addressed those arguments and properly concluded that both claims were without merit. The Court agrees with Judge Caracappa's analysis and adopts it in overruling these objections.

Finally, Mr. Dooley objected to Judge Caracappa's failure to conduct an evidentiary hearing. However, the Court finds that Mr. Dooley's claims do not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2254(e)(2). Nor do they rely on "a factual predicate that could not have been previously discovered through the exercise of due diligence," where "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found [Mr. Dooley] guilty of the underlying offense." *Id.*

Therefore, the Court overrules Mr. Dooley's objections to Judge Caracappa's original Report and Recommendation.

Caracappa was not whether Mr. Dooley's trial counsel possessed the agreement. The question was whether Mr. Dooley's replacement PCRA counsel, J. Matthew Wolfe, Esq., was ineffective in concluding that Mr. Dooley's trial counsel had possessed the agreement and, in turn, not raising a claim related to the agreement in Mr. Dooley's amended PCRA petition. No evidentiary hearing on whether the agreement was actually given to Mr. Dooley's trial counsel is necessary to evaluate whether Mr. Wolfe's PCRA assistance was ineffective. Upon review, it is clear that the record supports Judge Caracappa's conclusion that Mr. Wolfe was not ineffective for failing to raise a claim related to the agreement in Mr. Dooley's amended PCRA petition because Mr. Wolfe reasonably concluded that the agreement was turned over to Mr. Dooley's trial counsel.[2] *See* Suppl. R. & R. 12 ("Attorney Wolfe cannot be found to be ineffective for declining to raise a meritless issue, consequently, petitioner cannot establish PCRA counsel was ineffective for declining to raise this issue.").

### B. Mr. Dooley's Ineffective Assistance of Counsel Claim is Unexhausted

Mr. Dooley objects to Judge Caracappa's determination that his ineffective assistance of counsel claim is unexhausted and procedurally defaulted. Mr. Dooley argues that his ineffective assistance of counsel claim was encompassed by the prosecutorial misconduct claim he raised in his appeal of his PCRA denial, but the Superior Court failed to make any findings of fact on the issue of ineffective assistance. However, Mr. Dooley's pursuit of the prosecutorial misconduct claim did not preserve his ineffective assistance of counsel claim. Just because these two claims focused on similar evidence—Mr. Dooley's trial counsel failing to challenge Mr. Hiller's testimony on the one hand, and the prosecution permitting such testimony to go uncorrected on

---

[2] For example, evidence referenced in letters from Mr. Wolfe to Mr. Dooley, testimony from Mr. Dooley's post-sentence motions hearing, and testimony from Mr. Dooley's trial all support Mr. Wolfe's conclusion that the 2007 agreement was turned over to Mr. Dooley's trial counsel.

5

the other—does not make the claims interchangeable, and pursuit of one does not mean pursuit of the other. Therefore, Judge Caracappa was not mistaken in concluding that Mr. Dooley failed to raise his ineffective assistance of counsel claim to the Superior Court, making his claim unexhausted and procedurally defaulted.

However, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, . . . counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17. The Supreme Court has instructed:

> [A] prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 14.

As explained above, Judge Caracappa correctly concluded that Mr. Dooley's PCRA counsel was not ineffective. Furthermore, Mr. Dooley's underlying ineffective assistance of counsel claim was not defaulted during his PCRA proceedings; rather, Mr. Dooley first failed to pursue the claim in his appeal of his PCRA petition to the Superior Court. Lastly, as explained below, Judge Caracappa correctly concluded that Mr. Dooley's underlying ineffective assistance of counsel claim regarding his trial counsel is meritless. Therefore, *Martinez* does not excuse Mr. Dooley's procedural default, and his ineffective assistance of counsel claim is defaulted.

### C. The Merits of Mr. Dooley's Ineffective Assistance of Counsel Claim

Mr. Dooley objects to Judge Caracappa's conclusion that his underlying ineffective assistance of counsel claim is meritless. Specifically, Mr. Dooley objects to Judge Caracappa's

6

conclusion that, "[e]ven if not waived, this claim is meritless" because "Mr. Hiller testified to his involvement in an unrelated incident before the jury on direct examination." Pet'r's Objs. 3. First, this portion of the Supplemental Report and Recommendation that Mr. Dooley quotes is actually an excerpt from the Superior Court's opinion discussing the merits of his underlying prosecutorial misconduct claim. *See* Suppl. R. & R. 19. Second, Judge Caracappa was not mistaken in relying on the Superior Court's opinion because Mr. Dooley cannot establish prejudice, making him unable to satisfy the two-prong test for ineffective assistance of counsel set forth by the Supreme Court in *Strickland*. As Judge Caracappa correctly explains in her Supplemental Report and Recommendation, Mr. Hiller's credibility was impeached on multiple grounds at trial, Mr. Hiller testified that he had entered into agreements to testify against Mr. Dooley, witnesses other than Mr. Hiller placed Mr. Dooley at the scene of the crime, and a witness other than Mr. Hiller identified Mr. Dooley as the assailant. In light of this evidence, as Judge Caracappa concluded, Mr. Dooley "cannot show 'there is a reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different.'" Suppl. R. & R. 21 (quoting *Strickland*, 466 U.S. at 694).

### D. The Prosecution's Alleged Use of and Failure to Correct False Testimony

In a similar vein, Mr. Dooley objects to Judge Caracappa concluding without an evidentiary hearing that he cannot prove he was prejudiced because the prosecution did not knowingly elicit a direct lie from Mr. Hiller and, even if it had, the testimony was not material to the jury's guilty verdict.

Mr. Dooley asserts that Judge Caracappa's determination is fundamentally flawed and an unreasonable determination of the facts because she mistakenly attributed questioning by the Assistant District Attorney at Mr. Dooley's trial to Mr. Dooley's own trial counsel. Therefore, he

argues, it was the prosecution who elicited Mr. Hiller's allegedly false testimony. However, having reviewed the Supplemental Report and Recommendation and the relevant trial transcripts, it is clear that Judge Caracappa made no such mistake. During cross-examination of Mr. Hiller, Mr. Dooley's trial counsel asked whether Mr. Hiller had confided in or told Mr. Dooley about his involvement in a double homicide. *See* Nov. 11, 2008 Tr. 196:6–14, 215:5–217:11. Judge Caracappa cited this testimony in her findings. Judge Caracappa also included a cite to one question asked by the Assistant District Attorney on re-direct, which was made in direct response to Mr. Dooley's trial counsel's line of questioning. *See id.* at 220:23–220:8. This was not a mistake on Judge Caracappa's part. Rather, it emphasizes that it was Mr. Dooley's counsel, not the prosecution, who opened the door to Mr. Hiller's testimony on the subject at issue. And as Judge Caracappa explains, the subject of that testimony was not whether Mr. Hiller was involved in a double homicide, as Mr. Dooley asserts, but whether Mr. Hiller told Mr. Dooley that he had been involved in a double homicide. Therefore, Judge Caracappa correctly concluded that "the prosecution would not have a duty under *Napue* to correct testimony regarding what Hiller was alleged to have told petitioner because the prosecution could not have possibly known what Hiller did or did not tell petitioner regarding a double homicide." Suppl. R. & R. 21–22.

Furthermore, even if the prosecution had failed to correct false testimony, Mr. Dooley's claim of prosecutorial misconduct fails. For the same reasons that Mr. Dooley cannot show prejudice under *Strickland*—namely, because Mr. Hiller's credibility was impeached on multiple grounds, other witnesses Hiller placed Mr. Dooley at the scene of the crime, and a witness other than Mr. Hiller identified Mr. Dooley as the assailant—Mr. Dooley also cannot show under *Napue v. Illinois*, 360 U.S. 264 (1959), that there is a reasonable likelihood that the prosecution's failure to correct Mr. Hiller's testimony affected the verdict.

### E. Mr. Dooley's Newly Raised Claim

Finally, Mr. Dooley raises what he describes as an "[a]rgument that petitioner raised for first time." Pet'r's Objs. 4. Therein, Mr. Dooley claims that one of the jurors at his trial expressed that he did not understand a witness after that witness had presented testimony that someone other than Mr. Dooley was the assailant. Mr. Dooley alleges that his trial counsel failed to request and the trial court failed to make the necessary inquiries of this juror to ensure that the juror understood the evidence and testimony presented. Mr. Dooley argues that these failures denied him his constitutional right to a fair, impartial, and competent jury.

Relying on the Fourth Circuit Court of Appeals' decision in *Cruz v. Marshall*, 673 F. App'x 296 (4th Cir. 2016), Mr. Dooley asserts that "if habeas corpus petitioner objects to magistrate judge's report and recommendation, thereby invoking right to de novo review of issues resolved by magistrate judge, district court must consider even arguments that petitioner raised for first time in objection if argument could have been raised before the magistrate." Pet'r's Objs. 2 (citation and internal quotation marks omitted). He claims that his "arguments . . . raised for first time in objections to the Suppl. R&R [] are both properly filed and specific." *Id.* at 6.

In *Cruz*, the Fourth Circuit Court of Appeals stated that "[w]hen a party raises new information in objections to an R & R, regardless of whether it is new evidence or a new argument, the district court must do more than simply agree with the magistrate." 673 F. App'x at 299. However, *Cruz* is inapplicable to Mr. Dooley's situation because Mr. Dooley has not merely identified new evidence or a new argument. Mr. Dooley has raised a new claim.[3] And under the

---

[3] According to Mr. Dooley, this claim was raised in state court. He did not, however, raise it in his *habeas* petition. Rather, in his *habeas* petition, Mr. Dooley references this claim only in passing related to his arguments in state court. *See* Pet. Mem. 4 ("Petitioner filed a[] direct appeal challenging the weight and sufficiency of the evidence, discretionary aspects of the sentence, *and the trial court's failure to fully instruct a confused juror*. The Pennsylvania Superior Court affirmed both the conviction and sentence.") (emphasis added). He does not refer to the claim again anywhere in his *habeas* petition.

9

rules of this Court, raising a new claim in objections to a Report and Recommendation is procedurally improper. *See* E.D. Pa. Civ. R. 72.1(IV)(c) ("[N]ew issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."); *see also Sessom v. Wenerowicz*, No. 13-2179, 2013 WL 5761303, at *1 (E.D. Pa. Oct. 24, 2013) ("Though the Third Circuit has yet to specifically address how District Courts are to deal with issues and facts first raised by habeas petitioners in an objection to a magistrate's R & R, courts within this district and around the country have routinely refused to hear arguments similarly raised for the first time in an objection to an R & R."). Even if Mr. Dooley raised this argument in his state court proceedings, it was absent from his *habeas* petition. Therefore, "[t]o the extent that [Mr. Dooley's] objections raise arguments not raised in his Petition and not addressed in the Report, the Court will not consider them." *Steward v. Commonwealth*, No. 13-2552, 2016 WL 3193041, at *4 (E.D. Pa. June 9, 2016) (citations omitted).

## CONCLUSION

For the foregoing reasons, the Court overrules Mr. Dooley's objections, adopts Judge Caracappa's Report and Recommendation and Supplemental Report and Recommendation, and denies Mr. Dooley's petition for a writ of *habeas corpus*. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE